**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

HEAVENLY WILSON,

                              Plaintiff,                  1:18-CV-772
                                                                     (GTS/CFH)

        v.

NEW CHOICES RECOVERY CENTER;
STUART ROSENBLATT,

                              Defendants.

---

**APPEARANCES:**

Heavenly Wilson
657 Sunset Street
Schenectady, New York 12303
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**UNITED STATES MAGISTRATE JUDGE**

# REPORT-RECOMMENDATION & ORDER

## I. In Forma Pauperis Application

    Plaintiff pro se Heavenly Wilson commenced this action on June 29, 2018 with the filing of a complaint, and, in lieu of this Court's filing fee, an application to proceed in forma pauperis ("IFP"). Dkt. Nos. 1 ("Compl."), 2. On September 19, 2018, the court administratively closed the case with opportunity to comply with the filing fee requirement. On October 9, 2018, plaintiff filed a new application to proceed IFP, dkt. no. 6, and the Court reopened the case. Dkt. No. 7. After reviewing plaintiff's IFP application, dkt. no. 6., the Court concludes that plaintiff financially qualifies to proceed

IFP. Plaintiff is advised that despite being granted IFP status, she will still be required to pay for any costs or fees she may incur in this matter, such as copying fees or witness fees. Id.

## II. Legal Standards

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action. As plaintiff is representing himself, the court must afford plaintiff special solicitude; thus, it is to consider his claims "liberally" and "interpret them 'to raise the strongest arguments that they suggest.'" Cold Stone Creamery, Inc. v. Gorman, 361 F. App'x 282, 286 (2d Cir. 2010) (summary order) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)).

Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine

2

of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

Further, Rule 10 of the Federal Rules provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does

3

not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).  However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).  In such cases of dismissal, particularly when reviewing a pro se complaint, the court generally affords the plaintiff leave to amend the complaint. Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).  A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

### III. Plaintiff's Complaint

Plaintiff pro se Heavenly Wilson purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.  Her complaint contends that she was discriminated against insofar as she was terminated on the basis of her race and color.  Compl. at 2.  Plaintiff explains that she was employed with New Choices Recovery Center, and contends that immediately following her hire, she was given significant responsibilities.  Plaintiff contends that she completed these responsibilities successfully and was given high praise by clients.  Plaintiff contends

that Tricia Le was her supervisor, and Ms. Le was younger than her and "very intimidated not only by the color of my skin but also my professionalism and education background having served my community in various capacities over the years[.]" Id. at 6. Plaintiff contends that Ms. Le began treating plaintiff differently from her other coworkers, insofar as she has "a very cold hearted persona with me not acknowledging me nor engaging me," "conversation and supervision was very short only providing me with one worded answers, while she would have full conversations and lunch periods with her other co-workers who were in her age bracket and of her skin tone." Id. Plaintiff states that she was the only African-American woman that Ms. Le was supervising. Id.

Plaintiff contends that on May 23, 2017, defendant Stuart Rosenblatt terminated her, but that "neither Debra the hiring coordinator nor my supervisor Tricia was present to address any of my concerns regarding this decision and I was presented with a letter with Debra's Sivacks initials but it was obvious Tricia Le had signed these in her place." Compl. at 6. Plaintiff provides that Mr. Rosenblatt "did not have any knowledge surrounding this decision and simply advised me to clean my office." Id. Plaintiff contends that, as a result of the discrimination and her termination, she has been diagnosed "with severe depressive disorder and have been struggling to gain employment that meets my background criteria in the human services field." Compl. at 7. Plaintiff provides a right to sue letter dated March 28, 2018. Id. at 9. Plaintiff requests "$150,000.00 pain[,] suffering, depression." Id. at 5.

5

## IV.  Review of Complaint

Plaintiff's request for monetary damages for pain and suffering must fail.  Compl. at 5.  Title VII does not provide for compensatory damages for pain and suffering.  See Talada v. International Service Sys., Inc., 899 F.Supp. 936 (N.D.N.Y. 1995).  Plaintiff has requested no relief beyond monetary damages for pain and suffering.  Because Title VII does not allow for such damages, plaintiff's case must be dismissed.  However, the Second Circuit has held that a Court should hesitate to sua sponte dismiss a pro se complaint without providing the plaintiff an opportunity to amend, Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir.1993).  As it is possible that plaintiff may, in an amended complaint, request damages that are permissible under Title VII, it is recommended that plaintiff be given an opportunity to amend her complaint. . Plaintiff is advised that, if the District Judge, following his review of this Report-Recommendation and Order, permits plaintiff to amend her complaint and if she chooses to file an amended complaint, any amended complaint will completely replace the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect."  International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977), cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp., 434 U.S. 1014 (1978); see also Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994).  Therefore, plaintiff's amended complaint, should the District Judge permit it, must include all facts, allegations, and legal theory on which she intends to rely and must be able to stand alone as the sole complaint in this action.

## V. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's Application to Proceed In Forma Pauperis ("IFP") (Dkt. No. 6) be **GRANTED**, and it is

**RECOMMENDED**, that plaintiff's complaint be **DISMISSED**, without prejudice, and with opportunity to amend should plaintiff wish to attempt to cure the defects identified herein; and it is further

**RECOMMENDED**, that, if the district judge permits plaintiff to amend her complaint, any amended complaint must be filed within thirty (30) days of the District Judge's order adopting this Report-Recommendation and Order, and that should plaintiff file such amended complaint, the Clerk of the Court return this case to the Magistrate Judge for further review.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have FOURTEEN (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[1]

**IT IS SO ORDERED**.

---

[1]   If you are proceeding pro se and are served with this Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Id. § 6(a)(1)(c).

Dated: December 3, 2018
Albany, New York

*Christian F. Hummel*

Christian F. Hummel
U.S. Magistrate Judge